Bell, J.,
 

 dissenting-. Judge Matthias and I are of opinion that this appeal should be dismissed for failure of the appellant to comply with the requirements of Section 5611-2, General Code.
 

 The right of appeal being entirely a statutory right, compliance with the terms imposed by statute is a condition precedent to the enjoyment of such right. Collins,
 
 Exr.,
 
 v.
 
 Millen,
 
 57 Ohio St., 289, 291, 48 N. E., 1097.
 

 Section 12223-3, General Code, provides:
 

 “Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be
 
 *43
 
 reviewed as hereinafter provided,
 
 unless otherwise provided by lato
 
 *
 
 *
 
 *.” (Emphasis supplied.)
 

 Section 12223-4, General Code, provides:
 

 “The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. * * *”
 

 Section 12223-5, General Code, provides:
 

 “The notice of appeal shall
 
 designate
 
 the order, judgment, or decree appealed from * * *.” (Emphasis supplied.)
 

 Subsequent to the enactment of the above general provisions, Section 5611-2, General Code (118 Ohio Laws, 344, 355), was amended. It contains the specific requirement that to perfect an appeal from the Board of Tax Appeals to the Supreme Court, the appellant shall file ‘
 
 ‘
 
 a notice of appeal with the Supreme Court of Ohio-and with the Board of Tax Appeals.” Such notice of appeal shall be filed within 30 days after the decision and “shall
 
 set forth
 
 the decision of the Board of Tax Appeals appealed from and the errors therein complained of.”
 

 It is perfectly clear that the General Assembly, in the enactment of Section 12223-5, General Code, provided that, for appeals generally, the notice of appeal shall merely
 
 designate
 
 the order, judgment or decree appealed from.
 

 However, the General Assembly, in amending Section 5611-2, General Code, specifically provided otherwise with reference to appeals to the Supreme Court from the Board of Tax Appeals for, as to such appeals, it did not use the term
 
 designate,
 
 but did require that the notice of appeal
 
 shall set forth
 
 the
 
 decision
 
 of the Board of Tax Appeals appealed from and errors therein complained of.
 

 In the instant case the only reference to the deci
 
 *44
 
 sion of the Board of Tax Appeals contained in the notice of appeal is that appellant desires and intends to appeal from a “judgment of the Board of Tax Appeals entered in cause number 9523 on November 7, 1945, reversing an order and judgment theretofore made and entered by the Hon. William S. Evatt, former Tax Commissioner, wherein a tax assessment was levied against one J. P. Castleberry of Mariemdnt in the state of Ohio.” The appellant then states therein the error of .which he complains.
 

 The Board of Tax Appeals has no authority to enter
 
 judgment
 
 in any matter of which it can take cognizance. The statutes authorize it to render
 
 decisions.
 

 Here there was a complete failure
 
 to set forth the decision
 
 of the Board of Tax Appeals. As I read and construe Section 5611-2, General Code, there are two conditions precedent which must be strictly complied with before this court acquires jurisdiction,
 
 i. e.,
 
 (1) the notice of appeal must be filed within the time limited by the statute and (2) must
 
 set forth
 
 the
 
 decisión
 
 of the Board of Tax Appeals appealed from. Obviously the second condition precedent was not complied with in the instant case; hence this court never acquired jurisdiction.